UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA B. JACKSON,

    Plaintiff,

v.                                                               Case No.:

BAYCARE HEALTH SYSTEM, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tanya B. Jackson, by and through undersigned counsel, herby sues BayCare Health System, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Plaintiff worked for Defendant in Hillsborough County, Florida.

6. Defendant is a healthcare provider in Hillsborough County, Florida.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601, *et. seq.*

9. Defendant is considered an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601, *et. seq.*

10. Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her requests for leave pursuant to the FMLA.

11. Plaintiff was employed by Defednant for more than twelve (12) months.

12. Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

13. Plaintiff has a serious health condition as defined by the FMLA.

14. Defendant knew of Plaintiff's serious health condition during her employment.

## STATEMENT OF FACTS

15. On or about December 19, 2016, Plaintiff began her employment with Defendant as a cook at their St. Joseph's Hospital location.

16. St. Joseph's Hospital is located at 3001 W. Dr. Martin Luther King Blvd in Tampa, FL.

17. In late May 2019, Plaintiff requested FMLA leave for the period of May 24, 2019 until May 30, 2019. This request for FMLA leave was approved.

18. After returning to work for a few days from FMLA leave, Plaintiff informed her supervisor Erica Salgado ("Ms. Salgado") that she again needed to take FMLA leave to care for her own serious medical condition; generalized anxiety and major depression.

19. Plaintiff subsequently requested continuous FMLA leave through July 16, 2019.

20. Plaintiff was eligible to take continuous FMLA leave through July 16, 2019.

21. Plaintiff exercised FMLA leave.

22. Subsequently, Defendant unlawfully and incorrectly determined that Plaintiff was not eligible take continuous FMLA leave through July 16, 2019.

23. On or about July 8, 2019 Defendant informed Plaintiff that due to her taking leave she was being terminated.

24. Plaintiff was unlawfully terminated Plaintiff.

25. Plaintiff has satisfied all conditions precedent, or they have been waived.

26. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Interference in Violation of the FMLA

27. All allegations prior to Count I are reallaged and incorporated herein.

28. Plaintiff was eligible for FMLA leave.

29. Plaintiff was entitled to FMLA leave.

30. Plaintiff exercised or attempted to exercise her rights under the FMLA.

31. Plaintiff interfered with Plaintiff's lawful exercise of her rights under the FMLA by denying her FMLA leave and terminating her employment.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's right under the FMLA.

33. As a direct and proximate cause of Defendant's unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in Violation of the FMLA

34. All allegations prior to Count I are reallaged and incorporated herein.

35. Plaintiff was eligible for FMLA leave.

36. Plaintiff was entitled to FMLA leave.

37. Plaintiff exercised or attempted to exercise her rights under the FMLA.

38. Plaintiff retaliated against Plaintiff for lawfully exercising her rights under the FMLA by denying her FMLA leave and terminating her employment.

39. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's right under the FMLA.

40. As a direct and proximate cause of Defendant's unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this <u>4th</u> day of January, 2021 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*
